UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KRISTIN HOFFMAN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No.  5:24-cv-00983-EJD<br><br>**ORDER GRANTING MOTIONS TO DISMISS; GRANTING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 13, 14, 18, 25 |

Pro se Plaintiff, Kristin Hoffman ("Hoffman"), filed suit against Defendants, State of California ("California"), San Benito County ("San Benito"), and Santa Clara County ("Santa Clara") (collectively, "Defendants"), alleging that Defendants' failure to count her vote in the November 2020 General Election ("2020 Election") violated the Nineteenth Amendment. Compl., ECF No. 1. Before the Court are three motions to dismiss filed by the three Defendants. California Mot. to Dismiss ("Cal. MTD"), ECF No. 13; San Benito Mot. to Dismiss ("San Benito MTD"), ECF No. 18; Santa Clara Mot. to Dismiss ("Santa Clara MTD"), ECF No. 14. Plaintiff filed an opposition to San Benito and Santa Clara's motions, to which they filed replies. Opp'n to San Benito MTD, ECF No. 21; Reply in. Supp. of San Benito MTD ("Reply ISO San Benito MTD"), ECF No. 27; Opp'n to Santa Clara MTD, ECF No. 20; Reply in Supp. of Santa Clara MTD ("Reply ISO Santa Clara MTD"), ECF No. 22. Plaintiff did not file an opposition to California's motion. *See* Notice of Plaintiff's Failure to File Opposition, ECF No. 26.

Upon careful review of the relevant documents, the Court finds this matter suitable for decision without oral arguments pursuant to Civil Local Rule 7-1(b). For the following reasons, the Court **GRANTS** Defendants' motions to dismiss with leave to amend.

Case No.: 5:24-cv-00983-EJD
ORDER GRANTING MOTIONS TO DISMISS; GRANTING MOTION TO STRIKE

1

## I. BACKGROUND

Hoffman alleges that her vote in the 2020 Election was never counted by the San Benito County Election Office. *See* Compl. Hoffman's allegation arises from two circumstances: (1) her double voter registration, and (2) the use of different tenses in emails confirming the receipt of her ballots. *Id.*

First, Hoffman alleges that her 2020 Election ballot was not counted because she was erroneously registered in two counties: Santa Clara and San Benito. *Id.* at 2. Hoffman was a registered voter in Santa Clara until she moved to San Benito in 2016. *Id.* Hoffman re-registered in San Benito after her move, but she continued to receive two mail-in ballots from both counties, one containing an incorrect spelling of her name. *Id.*

Second, Hoffman alleges that her ballot was not counted because the confirmation email for her 2020 Election ballot used a future tense. *Id.* at 3. Plaintiff voted in-person during the 2020 Election, after which time she received an email from BallotTrax, a statewide system that allows voters to track and receive email notifications on the status of their ballot. *Id.* at 2–3. The email Hoffman received indicated that her ballot "will be counted." *Id.* at 3. Hoffman subsequently voted in three other elections: the September 2021 Gubernatorial Recall Election, the June 2022 Primary Election, and the November 2022 General Election. *Id.* at 2–3. Hoffman received BallotTrax emails following those votes as well, all of which indicated that her ballot was "counted." *Id.* [1]

Hoffman reached out to various agencies to convey her concerns, including the San Benito County District Attorney, the San Benito County Sheriff, the San Benito County Board of Supervisors, the California Attorney General's Office, the California Secretary of State's Office, the United States Attorney's Office, and various state legislators. *Id.* at 3–6. Regarding her

---

[1] Hoffman also includes in her complaint additional factual allegations unrelated to her request for relief for injuries arising from the 2020 Election, such as an exhibit with an email to the San Benito County office of County Counsel with a request for a line-item breakdown of a $44,706 reward they received from the Center for Tech and Civil Life for the administration of elections during the covid-19 pandemic, as well as communications regarding fixing her double-registration status ahead of the March 2024 Primary Election. *See* Compl. at 5–7

Case No.: 5:24-cv-00983-EJD
ORDER GRANTING MOTIONS TO DISMISS; GRANTING MOTION TO STRIKE
2

1  double-ballot concerns, an employee from the San Benito County Registrar's Office contacted
2  Hoffman, indicating that the double registration was due to a turnover in state voter databases,
3  informing Hoffman of what steps they had taken to re-register voters, and advising that they had
4  notified Santa Clara County of the double registration and the County would take steps to remove
5  her duplicative registration. *Id.* at 4. Regarding her concern that her ballot was not counted, in
6  response to a California Public Records Act Request, the San Benito County Counsel's Office sent
7  Plaintiff her earlier correspondence with the San Benito County Registrar's Office, a copy of her
8  Voter Information Certificate, and a vote tabulation spreadsheet with an affirmative indication that
9  her vote was counted in the form of a "Y" in the "Vote Counted" column. *Id.* at 5.

10  Hoffman filed this action on February 20, 2024, alleging that these circumstances violate
11  the Nineteenth Amendment. *Id.* at 1. As relief, Hoffman requests an order directing Defendants
12  to provide "[a]ny and ALL documentation IMAGINABLE . . . to prove that [her] vote in the 2020
13  Presidential Election was cast AND counted" and "[i]n-person access to ALL electronic voting
14  equipment." *Id.* at 7. In the alternative, Hoffman asks the Court to decertify the 2020 Election
15  results at the local, state, and federal levels. *Id.*

16  **II.  LEGAL STANDARD**

17  A motion to dismiss under Rule 12(b)(1) is a challenge to the court's subject matter
18  jurisdiction. The party mounting a Rule 12(b)(1) challenge may bring a facial challenge and show
19  that the on the face of the pleadings, the court lacks jurisdiction, or may present extrinsic evidence
20  for the Court's consideration. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule
21  12(b)(1) jurisdictional attacks can be either facial or factual"). "In a facial attack, the challenger
22  asserts that the allegations contained in a complaint are insufficient on their face to invoke federal
23  jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In ruling on a
24  Rule 12(b)(1) motion attacking the complaint on its face, the Court accepts the allegations of the
25  complaint as true. *See, e.g., Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Plaintiff
26  bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action.
27  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stock W., Inc. v. Confederated*
28  Case No.: 5:24-cv-00983-EJD
ORDER GRANTING MOTIONS TO DISMISS; GRANTING MOTION TO STRIKE
3

1  *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

2  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But still, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong" and how they are entitled to relief. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

If the court concludes that a motion to dismiss should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted); *see also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

### III.   DISCUSSION

#### A.   Motion to Strike Sur-Reply

As an initial matter, Santa Clara moves to strike Hoffman's unauthorized sur-reply to its motion to dismiss. Admin. Mot. to Strike, ECF No. 25; Hoffman's Reply to Santa Clara's Reply, ECF No. 23.

Civil Local Rule 7-3(d) provides: "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior court approval." Civil L.R. 7-3(d). Santa Clara filed its motion on March 13, 2024, Hoffman filed her opposition on March 21, 2024, and Santa Clara filed its reply on March 25, 2024. Santa Clara MTD; Opp'n to Santa Clara MTD; Reply ISO Santa Clara MTD. Without seeking leave, on March 27, 2024, Hoffman filed a document titled "Plaintiff's Reply to Santa Clara County's Reply." ECF No. 23. Hoffman has not since sought retroactive leave.

Because Hoffman filed an additional brief without leave after Santa Clara's reply had been filed, the Court **GRANTS** Santa Clara's motion to strike this sur-reply.

#### B.   Motions to Dismiss

Moving to Defendants' motions to dismiss, the Court finds dismissal proper under Article

Case No.: 5:24-cv-00983-EJD
ORDER GRANTING MOTIONS TO DISMISS; GRANTING MOTION TO STRIKE

4

III for the failure to establish standing and mootness.[2]

### 1. Standing

"The plaintiff has the burden of establishing the three elements of Article III standing: (1) he or she has suffered an injury in fact that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable court decision." *Salmon Spawning & Recovery All. v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). To satisfy the third element, a plaintiff "must show that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018) (citation omitted). Where "a favorable decision would not require the defendant to redress the plaintiff's claimed injury, the plaintiff cannot demonstrate redressability." *Id.*; *see also Townley v. Miller*, 722 F.3d 1128, 1134 (9th Cir. 2013) ("The proposition that plaintiffs must seek relief that actually improves their position is a well-established principle."); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement."). Courts must assume the merits of a plaintiff's claim when considering Article III standing. *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 843 (N.D. Cal. 2018).

Defendants argue that Hoffman lacks standing because the alleged injury—Hoffman's ballot not being counted—would not be redressed by being granted access to additional documents or by decertifying the 2020 Election at the local, state, and federal level. Cal. MTD 8; Santa Clara MTD 10; San Benito MTD 11. Hoffman did not address this argument in her oppositions.

The Court agrees that Hoffman has failed to establish standing. Hoffman's requests for

---

[2] Santa Clara also filed a request that the Court take judicial notice of Hoffman's voter registration records to argue that her vote was indeed counted, and that her double-registration issue was in part due to Hoffman erroneously registering with a different birthdate. Req. for J. Notice, ECF No. 15 (requesting judicial notice of voting records); Santa Clara MTD 4–6 (same). The Court finds Hoffman's voter registration records irrelevant to its Article III inquiry and thus declines to rule on Santa Clara's request at this time.

Case No.: 5:24-cv-00983-EJD
ORDER GRANTING MOTIONS TO DISMISS; GRANTING MOTION TO STRIKE
5

additional information and de-certification of the 2020 Election would do nothing to remedy the allegation that her vote was not counted or improve her position in any way. First, Defendants' alleged failure to count Hoffman's ballot cannot be remedied by the disenfranchisement of millions of other voters who cast ballots at the local, state, and federal level in the 2020 Election. *See, e.g., Bowyer v. Ducey*, 506 F. Supp. 3d 699, 712 (D. Ariz. 2020) ("To give Plaintiffs the relief they desire would disenfranchise the nearly 3.4 million Arizonans that voted in the 2020 General Election. Under Plaintiffs' theory of dilution, this would transform all of the alleged diluted votes from being 'diluted' to being destroyed."). Second, Hoffman's request for access to documents and machines would serve no purpose absent other viable relief. *See, e.g., King v. Whitmer*, 505 F. Supp. 3d 720, 730 (E.D. Mich. 2020) ("[T]he evidence Plaintiffs seek to gather by inspecting voting machines and software and security camera footage only would be useful if an avenue remained open for them to challenge the election results.").

### 2. Mootness

The inability to review moot cases derives from Article III's requirement that a "case or controversy" exist between the parties. *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them." *Id.*

Defendants argue that Hoffman's claim is moot in part because the time to contest the 2020 Election in California expired in December 2020, the terms of many officials voted into office in November 2020 have expired or will face re-election in the coming months, and the Court is unable to provide relief for Hoffman's alleged injury. Cal. MTD 9; Santa Clara MTD 10–11; San Benito MTD 15–16. Hoffman did not address Defendants' arguments in her oppositions.

The Court agrees that Hoffman's claim is moot. Since the election has "come and gone," there is simply no present controversy between Hoffman and Defendants. *Koller v. Harris*, 312 F. Supp. 3d 814, 823 (N.D. Cal. 2018) (quoting *Arizona Green Party v. Reagan*, 838 F.3d 983, 987 (9th Cir. 2016)); *see also, e.g., Bowyer v. Ducey*, 506 F. Supp. 3d 699, 712 (D. Ariz. 2020). Further, as discussed in the section prior, resolution of this case would not affect the rights of the

Case No.: 5:24-cv-00983-EJD
ORDER GRANTING MOTIONS TO DISMISS; GRANTING MOTION TO STRIKE

litigants in this case, as the Court cannot undo the failure to count Hoffman's ballot in an election that took place nearly four years ago now. *See, e.g., Bowyer*, 506 F. Supp. at 712; *King*, 505 F. Supp. 3d at 730.

* * *

Accordingly, the Court **GRANTS** Defendants' motions to dismiss for failure to establish standing and mootness.[3] In light of Hoffman's status as a pro se plaintiff, the Court will exercise its discretion to allow Hoffman the opportunity to file an amended complaint curing the deficiencies identified in this Order. *Lopez*, 203 F.3d at 1127; *Erickson*, 551 U.S. at 94.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motions to dismiss and **GRANTS** Santa Clara's motion to strike. If Hoffman chooses to file an amended complaint, she must do so by **June 25, 2024**.

**IT IS SO ORDERED.**

Dated: May 28, 2024

EDWARD J. DAVILA
United States District Judge

---

[3] Because the Court dismisses for lack of standing and mootness, the Court need not address Defendants' remaining arguments. However, the Court notes that Hoffman's Nineteenth Amendment claim, which would be analyzed under 42 U.S.C. § 1983, is also precluded on its face by the applicable two-year statute of limitations. *See Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (stating that the statute of limitations for Section 1983 claims in California is two years). Further, the complaint suffers deficiencies under Rule 12(b)(6) for failure to plead facts sufficient to state a claim given that Hoffman does not allege that her vote was denied on account of sex and has pled no facts to suggest such discrimination, let alone pled facts to sufficiently allege public entity liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See, e.g., Sherman v. Hill*, Case No. 5:22-cv-01211-SSS-JDE, 2022 WL 17345926, at * (C.D. Cal. Sept. 14, 2022) (dismissing Nineteenth Amendment claim where complaint made no mention of "being prevented from voting on the basis of [plaintiff's] sex").

Case No.: 5:24-cv-00983-EJD
ORDER GRANTING MOTIONS TO DISMISS; GRANTING MOTION TO STRIKE
7